FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 09 2012

JAMES W. McCORMACK, CLERK
.By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**KYLE SMITH**                                                                             **PLAINTIFF**

VS.                                 No. 4:12-cv-_212 JLH_

**PORTFOLIO RECOVERY ASSOCIATES, LLC**                       **DEFENDANT**

This case assigned to District Judge _Holmes_
and to Magistrate Judge _Young_

### ORIGINAL COMPLAINT

COMES NOW Plaintiff Kyle Smith (hereinafter referred to as "Smith") by and through his attorneys Josh Sanford and Cheslee Mahan of Sanford Law Firm, PLLC, and for his Original Complaint against Defendant Portfolio Recovery Associates, LLC (hereinafter individually referred to as "Portfolio"), does hereby state and allege as follows:

[THIS SPACE INTENTIONALLY LEFT BLANK.]

## **TABLE OF CONTENTS**

I.  Parties, Jurisdiction, and Venue ............................................................. 3

II.  Statement of Facts ................................................................................ 4

III.  Count One: Violations of the Fair Debt Collection Practices Act—
Filing And Pursuing A Lawsuit For A Deficiency When No Statutory
Notice Of Sale Of The Collateral Was Given To Kyle Smith..... ............... 6

IV.  Count Two: Abuse of Process—Filing And Pursuing A Lawsuit For
A Deficiency When No Statutory Notice Of Sale Of The Collateral
Was Given To Kyle Smith ....................................................................... 7

V.  Count Three: Arkansas Deceptive Trade Practices Act—Filing And
Pursuing A Lawsuit For A Deficiency When No Statutory Notice Of
Sale Of The Collateral Was Given To Kyle Smith.................................... 8

VI.  Punitive Damages................................................................................. 10

VII.  Jury Demand......................................................................................... 11

EXHIBIT "A"—Summons and Complaint.......................................................... 13

EXHIBIT "B"—Answer and Motion to Dismiss.................................................. 16

I.

## PARTIES, JURISDICTION AND VENUE

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq* (hereinafter the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and/or unfair practices, as well as claims for abuse of process, and violations of the Arkansas Deceptive Trade Practices Act.

2. Smith is a consumer and a resident of Vilonia, Faulkner County, Arkansas, and is protected under 15 U.S.C. § 1692, *et seq,* as well as by the common and statutory laws of the State of Arkansas including all causes of action plead herein.

3. Portfolio is a foreign limited liability company, with National Registered Agents, Inc. of AR, 455 W Maurice Street, Hot Springs, Arkansas 71901 as its registered agent.

4. Portfolio operates primarily to purchase and/or collect debts, and does so using the United States Postal Service, as well as the telephone, and regularly attempts to collect debts alleged to be due to another and therefore is and has been at all relevant times herein a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

5. Jurisdiction of this Court arises under 15 U.S.C. § 1692(k)(d) and 28 U.S.C. § 1337, in order to secure the relief authorized by the FDCPA, 15 U.S.C. §1692, *et seq.* Section 1692k(d) provides that jurisdiction lies in the Courts of the United States at the discretion of the aggrieved party.

6. Moreover, the Eastern District of Arkansas has concurrent jurisdiction over

all other claims herein based on all the underlying causes of action, including violations of the Arkansas Deceptive Trade Practices Act.

7. Venue in this Court is further proper in that Defendant has brought an action to collect an alleged debt in an inferior state court located in this judicial district.

II.

## STATEMENT OF FACTS

8. On or about March 17, 2011, Southern, Allen and Withrow, by attorney Robert H. Montgomery, caused to be filed a summons and complaint (hereinafter referred to as the "*Summons*" and "*Complaint*") against Smith on behalf of Portfolio, who was collecting a debt which was allegedly assigned to Portfolio by, or purchased by Portfolio from "GE Money Bank/Honda." A true and correct copy of the *Summons* and *Complaint* is attached hereto as Exhibit "A" and incorporated by reference as if set forth word for word herein.

9. As detailed below, the lawsuit filed on March 17, 2011, (hereinafter referred to as the "underlying lawsuit"), was deficient in significant ways.

10. Service was had on Smith by process server on April 10, 2011.

11. The underlying lawsuit concerned a deficiency allegedly owed to Portfolio after a sale or disposition of collateral securing a loan on which Smith had defaulted.

12. On April 25, 2011, Smith filed a Verified Answer and Motion to Dismiss to have the underlying lawsuit dismissed. A true and correct copy of the Verified Answer and Motion to Dismiss is attached hereto as Exhibit "B" and incorporated by reference as if set forth word for word herein.


13. The *Complaint* was inadequate in its allegations that Smith owed a debt to Portfolio as proper notice of the sale and/or disposition of the collateral as required by Arkansas Code § 4-9-611 was not given.

14. Portfolio's failure to give proper notice obviated Smith's obligation as to any balance after the sale and/or disposition of the collateral.

15. There is nothing in the *Complaint* that indicated that proper notice of the sale and/or disposition of the collateral was given that left the debt described in the underlying lawsuit.

16. Defendant pursued prosecution of the case against Smith at all times knowing, or in such a position as it should be charged with the knowledge, that the suit against Smith was not lawfully tenable.

17. Smith has suffered emotional distress, embarrassment and mental anguish as a result of having to defend against the underlying lawsuit which was instituted and perpetuated by Defendant.

18. Smith was required to hire an attorney in defense of the underlying lawsuit, and in so doing he obligated himself to the pay the reasonable fees charged by his attorney.

19. At a minimum, Smith has been damaged in the sum of $2,800.00, plus the cost of filing this lawsuit, which was $350.00, plus any costs of service of this lawsuit.

20. Given the significant substantive defect set forth above, the underlying lawsuit at issue herein was improper as is more fully set forth below.

III.

## COUNT ONE:

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT—FILING AND PURSUING A LAWSUIT FOR A DEFICIENCY WHEN NO STATUTORY NOTICE OF SALE OF THE COLLATERAL WAS GIVEN TO KYLE SMITH

21. Smith re-alleges and fully adopts and incorporates each of the allegations asserted above as if fully set forth herein.

22. Pursuant to 15 U.S.C. § 1692, *et seq*, a debt collector may not utilize impermissible means to collect debts.

23. Impermissible debt collection practices include "harassing, oppressive or abusive conduct; false, deceptive or misleading representations; and unfair or unconscionable collection methods." *Freyermuth v. Credit Bureau Services, Inc.*, 248 F.3d 767 (8th Cir. 2001) (citing 15 U.S.C. § 1692 d-f).

24. Unfair or unconscionable collection methods include violations of substantive and procedural state laws which are designed to protect Smith.

25. The actions of Portfolio violate the FDCPA based upon each and every claim and fact set forth herein.

26. Specifically and additionally, the commission of the torts described herein below are also each separate violations of the FDCPA.

27. Particular counts of violations of the Fair Debt Collection Practice Act (FDCPA) are set out below.

28. As stated herein above, in the underlying case, the *Complaint* was inadequate in its allegations that Smith owed a debt to Portfolio as proper notice of the sale and/or disposition of the collateral as required by Arkansas Code § 4-9-611 was not given.

29. Filing the *Complaint* laden with this significant inadequacy, and serving the same in violation of Arkansas law, constitute impermissible debt collection practices and therefore violates the FDCPA.

30. The FDCPA creates liability for violations of substantive and procedural state law.

31. The actions described above have caused damage to Smith in the form of mental anguish and distress as well as other non-economic damages.

32. Damages to Smith includes attorney's fees and Court costs in both this action and in the underlying action which spurred the filing of this action, as well as emotional distress, embarrassment, and mental anguish suffered by Smith, all of which resulted from the actions and statements of Portfolio.

IV.

COUNT TWO:

ABUSE OF PROCESS—FILING AND PURSUING A LAWSUIT FOR A DEFICIENCY WHEN NO STATUTORY NOTICE OF SALE OF THE COLLATERAL WAS GIVEN TO KYLE SMITH

33. Smith re-alleges and fully adopts and incorporates each of the allegations asserted above as if fully set forth herein.

34. As stated herein above, in the underlying case, the Complaint was

inadequate in its allegations that Smith owed a debt to Portfolio as proper notice of the sale and/or disposition of the collateral as required by Arkansas Code § 4-9-611 was not given.

35. Portfolio served the *Complaint* against Smith, and took action against Smith knowing, or with such readily ascertainable facts that it should have known of, the inadequacies and illegalities set forth above.

36. Portfolio knew or should have known, and had an affirmative duty to discover, that no notice before the sale and/or disposition of the collateral was given to Smith which obviated Smith's obligation as to any balance after the sale of the collateral, the deficiency balance of which Portfolio was trying to collect in the underlying lawsuit.

37. Portfolio has committed willful acts of seeking a judgment against Smith by filing a claim with an improper *Complaint* not authorized by Arkansas law, and not proper in the regular conduct of litigation.

38. Portfolio knew or should have known, and had an affirmative duty to discover, that its actions constituted a violation of the FDCPA as set forth above.

39. Portfolio filed the *Complaint* against Smith and took action against Smith for the purposes of coercing or attempting to coerce Smith to pay a debt which Smith did not owe or which Portfolio knew it could not, while abiding by the applicable laws, statutes and rules of court of the State of Arkansas, prove Smith owed.

40. In taking such actions, Portfolio has used the judicial process for a purpose for which it was not designed.

41. Smith incurred damages as a result of the commissions of Portfolio of the tort of abuse of process in an amount to be proven at trial.

V.

## COUNT THREE:

### ARKANSAS DECEPTIVE TRADE PRACTICES ACT VIOLATIONS—FILING AND PURSUING A LAWSUIT FOR A DEFICIENCY WHEN NO STATUTORY NOTICE OF SALE OF THE COLLATERAL WAS GIVEN TO KYLE SMITH

42. Smith re-alleges and fully adopts and incorporates each of the allegations asserted above as if fully set forth herein.

43. In representing to the Circuit Court of Faulkner County, Arkansas, and to Smith, that Smith owed a debt to Portfolio when proper notice of the sale and/or disposition of the collateral as required by Arkansas Code § 4-9-611 was not given, Portfolio engaged in false and deceptive acts within the meaning of Ark. Code Ann. § 4-88-107(a)(10).

44. Portfolio engaged in false and deceptive acts within the meaning of Ark. Code Ann. § 4-88-107(a)(10) to the extent that any of the representations made by them to the Circuit Court of Faulkner County, Arkansas, and/or to Smith, are not grounded in any actual law.

45. In taking the actions as set forth above, Portfolio has engaged in unconscionable, false, and/or deceptive acts or practices against Smith, in violation of Ark. Code Ann. § 4-88-107(a)(10).

46. Smith suffered damages in the form of attorney's fees paid in connection with the underlying case, this case, and costs, specifically related to Portfolio's improperly filing

and pursuing the lawsuit against Smith for a deficiency when proper notice of the sale and/or disposition of the collateral as required by Arkansas Code § 4-9-611 was not given.

47. Smith is entitled to recover damages and a reasonable attorney's fee for every such violation pursuant to Ark. Code Ann. § 4-88-113.

48. The behavior of Portfolio as stated above is a violation of the Arkansas Deceptive Trade Practices Act as codified at Ark. Code Ann. § 4-88-107(a)(10).

VI.

PUNITIVE DAMAGES

49. Smith re-alleges and fully adopts and incorporates each of the allegations asserted above as if fully set forth herein.

50. The actions of Portfolio described above in bringing the underlying suit with an inadequate Complaint with allegations that Smith owed a debt to Portfolio when proper notice of the sale and/or disposition of the collateral as required by Arkansas Code § 4-9-611 was not given and Portfolio's failure to give proper notice obviated Smith's obligation as to any balance after the sale and/or disposition of the collateral was done by Portfolio when Portfolio, as set out above, knew or ought to have known, in light of the surrounding circumstances, that its conduct would naturally and probably result in injury or damages and that Portfolio, as set out above, continued the conduct with malice or in reckless disregard of the consequences, from which malice may be inferred.

51. Additionally, it can be inferred that Portfolio, as set out above, intentionally pursued a course of conduct for the purpose of causing injury or damage.

52. Smith has been damaged by Portfolio's conduct, as set out above, not only economically, including his attorney fees and costs, but also Portfolio has caused mental and emotional anguish.

53. In addition to the compensatory damages for the actual losses sustained by Smith, and because the conduct of Portfolio, as set out above, was intentional, willful, wanton, reckless and done with conscious indifference to the consequences, Smith is entitled to punitive damages.

VII.

DEMAND FOR JURY TRIAL

54. Smith is entitled to a trial by jury consisting of a few of the good people of the State of Arkansas.

WHEREFORE, premises considered, Plaintiff Kyle Smith respectfully requests that Defendant Portfolio Recovery Associates, LLC, be summoned to appear and answer herein; for judgment in an amount to be proved at trial, such judgment consisting of compensatory and punitive damages; a jury trial; and for attorney's fees and all court costs incurred herein; and for all other good and proper relief to which he may be entitled, whether or not specifically requested herein.

Respectfully submitted,

**PLAINTIFF KYLE SMITH**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD, STE 400
LITTLE ROCK, AR 72211
PHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

BY: *[signature]*
Cheslee Mahan
Ark. Bar No. 2009251
cheslee@sanfordlawfirm.com

and *[signature]*

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE CIRCUIT COURT OF FAULKNER COUNTY, ARKANSAS

SUMMONS **2ND DIVISION**
(NOTICE OF LAWSUIT)

PORTFOLIO RECOVERY ASSOCIATES, LLC            PLAINTIFF

V.      CASE NO. 23CV-11-255

KYLE SMITH & BLAKE SNOW           DEFENDANT

PLAINTIFF'S ATTORNEY:    Robert H. Montgomery
P.O. Box 17248
Little Rock, AR 72222
(501) 227-2000

TO THE ABOVE-NAMED DEFENDANT:    Kyle Smith
14 Green Meadows
Vilonia, AR 72173

1. You are hereby notified that a lawsuit has been filed against you by the above-named Plaintiff; the relief asked is stated in the attached Complaint.

2. The attached Complaint will be considered admitted by you and a Judgment by default may be entered against you for the relief asked in the Complaint unless you file a written response to answer and thereafter appear and present your defense. **Your pleading or answer must meet the following requirements:**

   a. It must be in writing, and otherwise comply with the Arkansas Rules of Civil Procedure.
   b. It must be filed in the court in which the action was brought within twenty (20) days (unless otherwise stated) from the day you were served with this summons; or within thirty (30) days if you are a non-resident of this state or within sixty (60) days if you are a person incarcerated in any jail, penitentiary, or other correctional facility in this state. (Court address provided at the bottom of this page).
   c. A copy of your response must be delivered or mailed to the Plaintiff of its attorney.

3. If you desire to be represented by an attorney you should immediately contact your attorney so that an answer can be filed for you in the time allowed.

WITNESS my hand and the seal to said Court this day: __Rhonda Wharton__    __3-17-11__
                                                                      COURT CLERK               DATE

STATE OF ARKANSAS        )
                               ) ss.    By: _____, DC
COUNTY OF FAULKNER COUNTY )

On this _____ day of _____, 20 ___, at _____ o'clock ___.M., have duly served the within summons by delivering a copy thereof (or stating the substance thereof), together with a copy of the complaint, to _____, such person being:

**Check Applicable Square:**

☐    the person named therein as defendant

☐    at defendant's dwelling or usual place of abode with some person residing therein who is at least 14 years of age, that person's name and relationship to the above-named party being: _____

       (relationship to defendant): _____

☐    the duly designated agent for service of process for the defendant

☐    other: _____

                                                                        By: _____
                                                                        Title: _____

**Address of the Court:**
Faulkner County Circuit Court
PO Box 9                                                    S&A File No. 10-06432-0
Conway, AR 72033

**EXHIBIT A**

S&A File No. 10-06432-0
COM

FILED

IN THE CIRCUIT COURT OF FAULKNER COUNTY, ARKANSAS
2ND DIVISION

2011 MAY 11 AM 11 16

RHONDA W[...] CLERK

| PORTFOLIO RECOVERY ASSOCIATES, LLC | | PLAINTIFF |
|---|---|---|
| V. | CASE NO. 23CV-11-255 | BY LB  DC |
| KYLE SMITH & BLAKE SNOW | | DEFENDANT |

## COMPLAINT

Comes the Plaintiff and for its cause of action against the Defendant, states:

1. That the Plaintiff is a corporation authorized to bring this action under Ark. Code Ann. § 4-27-1501.

2. That the Defendant is a resident of Faulkner County, Arkansas.

3. Jurisdiction and venue are proper in this Court.

4. That Defendant purchased certain items with extensions of credit obtained on his/her GE Money Bank / Honda account. This account was purchased by, and assigned to the Plaintiff for good and valuable consideration.

5. That the amount past due on said account, which has not been paid, and has been owed for a period of time is $5,741.18, plus pre-placement interest in the amount of $.00, as set out in Plaintiff's Affidavit which is attached hereto and incorporated herein by reference.

6. That demand had been made for the payment of same, yet the balance remains unpaid.

WHEREFORE, Plaintiff prays for Judgment against Defendant in the amount of $5,741.18, for all costs herein paid and expended, for pre-judgment and post-judgment interest at the contract rate, reasonable attorney's fees, and for all other proper relief.

Southern, Allen & Withrow
Attorneys at Law
P.O. Box 17248
Little Rock, AR 72222

_____
Robert H. Montgomery (86127)

S&A File No. 10-06432-0

STATE OF VIRGINIA )
                  ) ss.
CITY OF NORFOLK   )

### AFFIDAVIT OF ACCOUNT

The undersigned, being a Representative of Portfolio Recovery Associates, LLC, upon being duly sworn says that I am a Custodian of Records for Portfolio Recovery Associates, LLC, and am familiar with the record thereof, pertaining to the account of **Kyle Smith & Blake Snow** bearing account number _____. The amount due on said account, over and above all set-offs and counterclaims is $5,741.18, plus pre-placement interest totalling $.00, as of the date of this statement.

I further state, upon information and belief, that the above-named individual is not in the military service.

DATE:                                                    Portfolio Recovery Associates, LLC

OCT 0 4 2010
_____            _____
                                                              ASSOCIATE
                                                              Custodian of Records
                                                              Christopher Daves

SUBSCRIBED AND SWORN to before me this
OCT 0 4 2010
____ day of _____, 20__

RETHA Y GRAY
Commonwealth of Virginia
Notary Public
Commission No. 7203884
My Commission Expires 01/31/2012

Notary Public

**This communication is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for that purpose.**

S&A File No. 10-06432-0

AFP

IN THE CIRCUIT COURT OF FAULKNER COUNTY, ARKANSAS
DIVISION TWO

PORTFOLIO RECOVERY ASSOCIATES, LLC      PLAINTIFF

vs.      No. 23CV-2011-255

**KYLE SMITH & BLAKE SNOW**      DEFENDANTS

### VERIFIED ANSWER AND MOTION TO DISMISS

COMES now Separate Defendant herein Kyle Smith, by and through his attorney Cheslee Mahan of Sanford Law Firm, PLLC, and for his Verified Answer to the Complaint filed by Plaintiff as well as his Motion to Dismiss, does hereby allege and state as follows:

1. Separate Defendant Kyle Smith denies, generally and specifically, each and every one of the allegations contained in the Complaint filed herein, except as admitted herein below.

2. Separate Defendant Kyle Smith denies, generally and specifically, each and every one of the allegations contained in the "Affidavit of Account" filed herein.

3. Separate Defendant Kyle Smith only admits he is a resident of Faulkner County, Arkansas.

4. The Complaint, together with its exhibits, does not state a claim against Separate Defendant Kyle Smith.

Page 1 of 4
Portfolio Recovery Associates, LLC v. Kyle Smith & Blake Snow
Faulkner County Circuit Court Case No. 23CV-11-255
Verified Answer and Motion to Dismiss

EXHIBIT B

5. Separate Defendant Kyle Smith reserves the right to file a Counterclaim against Plaintiff.

6. Separate Defendant Kyle Smith pleads the affirmative defense of failure of consideration since he never received anything of value in exchange for the alleged debt at issue herein.

7. Separate Defendant Kyle Smith pleads the affirmative defense of unconscionability since he never received anything of value in exchange for the alleged debt at issue herein.

8. Separate Defendant Kyle Smith reserves the right to amend this Answer and/or to file counterclaims and/or crossclaims after completion of discovery.

9. Separate Defendant Kyle Smith asserts a violation by Plaintiff of Rule 10(d) that is so egregious that the only proper remedy is a dismissal with prejudice; there is no legally significant documentation supporting the asserted debt attached as an Exhibit to Plaintiff's Complaint, and no good cause has been shown for Plaintiff's failure to attach such documentation.

10. Separate Defendant Kyle Smith asserts as an affirmative defense that Plaintiff failed to give him statutory notice of the sale and/or disposition of the collateral as required by Arkansas Code § 4-9-611.

11. Plaintiff's failure obviates Separate Defendant Kyle Smith's obligation as to any balance after the sale of the collateral.

WHEREFORE, premises considered, Separate Defendant Kyle Smith prays that the Court dismiss Plaintiff's Complaint; for his costs and a reasonable attorney's fee; and for all other good and proper relief to which Separate Defendant Kyle Smith may be entitled from the premises, whether or not specifically prayed for.

Respectfully submitted,

**SEPARATE DEFENDANT**
**KYLE SMITH**

SANFORD LAW FIRM, PLLC
303 WEST MAIN STREET
POST OFFICE BOX 39
RUSSELLVILLE, AR 72811
PHONE: (479) 880-0088
FAX: (888) 787-2040
cheslee@sanfordlawfirm.com

BY: *Cheslee Mahan*
Cheslee Mahan
Ark. Bar No. 2009251

## VERIFICATION

State of Arkansas )
County of Pope )

I, Kyle Smith, do hereby state upon oath that I have read the statements contained in the foregoing pleading, and they are true and correct to the best of my knowledge and belief.

*Kyle Smith*
KYLE SMITH

Subscribed and sworn to before me this 22nd day of April, 2011

BENJAMIN DONATHAN
MY COMMISSION # 12367546
EXPIRES: August 28, 2018
Johnson County

Notary Public

## CERTIFICATE OF SERVICE

I, Cheslee Mahan, do hereby certify that on April 22, 2011, a true and correct copy of the foregoing VERIFIED ANSWER AND MOTION TO DISMISS, was served by First Class U.S. Mail, postage pre-paid, on the following persons:

Mr. Robert H. Montgomery
Southern, Allen, & Withrow
Post Office Box 17248
Little Rock, Arkansas 72222

Mr. Blake Snow
2400 Market Pl, Apt 208
Conway, Arkansas 72032

*Cheslee Mahan*
**Cheslee Mahan**